
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In re: CHRISTINA ROTH, | No. 09-60027 |
| Debtor, | BAP No. WW-08-1292-HMoJu |
| WILLIAM J. HAGLER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| BRIAN L. BUDSBERG; JANE DOE BUDSBERG, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Montali, and Glover, Bankruptcy Judges, Presiding

Submitted May 2, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William Hagler appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the Bankruptcy Court's grant of summary judgment in his 11 U.S.C. § 332(b) action alleging that Brian Budsberg, as trustee of Debtor Christina Roth's bankruptcy estate, negligently failed to secure assets for the estate. We have jurisdiction under 28 U.S.C. § 158(d)(1) and we affirm.

We review de novo decisions of the BAP and Bankruptcy Court granting summary judgment. See Gill v. Stern (*In re* Stern), 345 F.3d 1036, 1040 (9th Cir. 2003). We review for abuse of discretion a bankruptcy court's decision to grant a motion for reconsideration. See Arrow Elecs., Inc. v. Justus (*In re* Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000).

Judge Glover's decision to reconsider Judge Snyder's denial of summary judgment was not an abuse of discretion. Denial of summary judgment is "generally interlocutory and [thus] subject to reconsideration by the court at any time." Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir. 1979) (internal quotation marks omitted). When one federal judge denies a motion for summary judgment and the case is transferred to another judge, the second judge has discretion to revisit the prior judge's ruling. See Castner v. First Nat'l Bank, 278 F.2d 376, 380 (9th Cir. 1960). Judge Snyder denied summary judgment without prejudice, noting that he was not familiar with the Washington statute of

2

limitations, and that he was open to additional briefing on that point. It was thus not an abuse of discretion for Judge Glover, who ruled as a matter of law, to reconsider Judge Snyder's order. See Watson v. Shandell (*In re* Watson), 192 B.R. 739, 750 (B.A.P. 9th Cir. 1996) (noting that manifest error of law is an appropriate ground for reconsideration).

We agree with the BAP that Hagler's complaint was untimely and that tolling under Washington's discovery doctrine is inapplicable as a matter of law. See Ernst & Young v. Matsumoto (*In re* United Insurance Management, Inc.), 14 F.3d 1380, 1385 (9th Cir. 1994) (noting that although tolling of the statute of limitations is generally a factual inquiry, "when [the] application of equitable tolling turns on plaintiff's diligence in discovering a cause of action, courts may hold, as a matter of law, that the doctrine does not apply"). Hagler's claim is based on 11 U.S.C. § 322(b). Because § 322(b) does not have its own limitations period, we look to the most analogous state cause of action. See Briley v. California, 564 F.2d 849, 854 (9th Cir. 1977). Here, the most analogous cause of action, Wash. Rev. Code § 4.16.080, has a three-year statute of limitations.

The latest possible date that Hagler's cause of action arguably accrued was March 15, 2004—the date the Bankruptcy Court denied Budsberg's motion to reopen the bankruptcy case, which effectively precluded the asset from ever being

part of the bankruptcy estate. Under Washington law, Hagler's complaint needed to be filed by March 14, 2007—three years after the Bankruptcy Court denied the motion. Hagler, however, did not file his complaint until almost nine months later on December 31, 2007.

Although Washington follows the discovery doctrine, which tolls the statute of limitations when a plaintiff could not have reasonably known about the facts giving rise to the cause of action, Allen v. State, 826 P.2d 200, 203 (Wash. 1992), the doctrine does not apply here because Hagler failed to establish that he exercised due diligence in pursuing his rights. "The general rule in Washington is that when a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of actual harm. The plaintiff is charged with what a reasonable inquiry would have discovered." Green v. A.P.C., 960 P.2d 912, 916 (Wash. 1998).

The record demonstrates that Hagler and his attorney knew that the asset was about to be distributed and that Budsberg's motion to reopen was pending. Yet Hagler did nothing to further pursue his rights and instead waited to investigate until the debtor's uncle told him in January 2005 that the asset had been distributed. Hagler's investigation at that time, which amounted to a simple

internet search, revealed that the motion to reopen had been denied, and thus the asset had been effectively lost, some nine months earlier. Failure to diligently pursue one's rights does not toll the statute of limitations. Hagler's complaint was untimely and therefore barred by the statute of limitations.

**AFFIRMED.**